Blaise Lee McARDLE

and

VPP Corporation, Plaintiffs,

v.

Henry J. BORNHOFFT, Defendant.

Civ. No. 97–138–B.

United States District Court,
D. Maine.

Sept. 26, 1997.

publication purposes.

Richard N. Hewes, Hewes & Nye, Portland, ME, for Plaintiff.

Richard I. Samuel, Cobrin, Gittef & Samuel, New York, NY, Elizabeth A. Germani, Friedman & Babcock, Portland, ME, for Defendant.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge

Plaintiffs, Blaise Lee McArdle ("McArdle") and VPP Corporation ("VPP"), originally brought this action against Defendant, Henry J. Bornhofft ("Bornhofft"), in the Kennebec County Superior Court of the State of Maine on May 23, 1997, alleging breach of contract, defamation, and tortious interference with prospective economic advantage. Defendant subsequently removed the case to this Court on the grounds that Plaintiffs alleged patent infringement claims over which this Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1338. Defendant filed a Motion to Dismiss or, in the alternative, for Change of Venue. Plaintiffs filed a Motion to Remand to the state court. Because this Court lacks jurisdiction over Plaintiffs' claims, Plaintiffs' Motion to Remand is GRANTED and this case is hereby REMANDED to the Kennebec County Superior Court.

## DISCUSSION

Section 1338(a) provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents...." 28 U.S.C. § 1338(a). Section 1338(a) jurisdiction "extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09, 108 S.Ct. 2166, 2174, 100 L.Ed.2d 811 (1988). Under the well-pleaded complaint rule, "whether a claim 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id.* at 809, 108 S.Ct. at 2174 (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *see also Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914); *Xeta. Inc. v. Atex. Inc.*, 825 F.2d 604, 606 (1st Cir.1987)). "If 'on the face of a well-pleaded complaint there are ... reasons completely unrelated to the provisions and purposes of [the patent laws] why the [plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not arise under those laws." *Christianson*, 486 U.S. at 810, 108 S.Ct. at 2174 (quoting *Franchise Tax Board*, 463 U.S. at 26, 103 S.Ct. at 2855) (citations omitted). "[F]ederal jurisdiction 'must be rejected if there is any

doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir.1996) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992)).

Ultimately, "the plaintiff is master of its own claim and can choose to keep its suit in state court if its well-pleaded complaint does not affirmatively rely on federal law." *Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90, 93 (3d Cir.1989); *see also Brough v. United Steelworkers of America,* 437 F.2d 748, 749 (1st Cir.1971). It is true that a plaintiff may not defeat removal through "artful pleading" by "'characteriz[ing] his necessarily federal cause of action solely in state law terms' or 'fail[ing] to make specific reference ... to a source of federal law that clearly is applicable.'" *Patriot Cinemas. Inc. v. General Cinema Corp.,* 834 F.2d 208, 209 n. 1 (1st Cir.1987) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3722, at 243, 276 (1985)); *see also Hunneman Real Estate Corp. v. Eastern Middlesex Assoc. of Realtors, Inc.,* 860 F.Supp. 906, 909 (D.Mass. 1994). However, "[b]ecause state and federal laws have many overlapping or even identical remedies and because generally we respect a plaintiff's choice between state and federal forums, this exception to the well-pleaded complaint rule is necessarily a narrow one." *In re Agent Orange Product Liability Litigation,* 996 F.2d 1425, 1430 (2d Cir.1993).

Federal patent law does not create Plaintiffs' breach of contract, tortious interference, or disparagement claims. Therefore, for this Court to have jurisdiction, Plaintiffs' right to relief on one or more of their claims must "necessarily depend on a resolution of a substantial question of federal patent law." *Christianson,* 486 U.S. at 809, 108 S.Ct. at 2174.

Plaintiffs allege five counts consisting of three different common law causes of action: breach of contract, defamation, and tortious interference. The Court addresses each cause of action in turn.

## A. BREACH OF CONTRACT CLAIMS

First, the Court addresses Plaintiffs' breach of contract claims. In Count I, Plaintiff McArdle alleges that Defendant breached a Privacy Agreement allegedly entered into by Plaintiff McArdle and Defendant on August 27, 1995. This Privacy Agreement prohibits Defendant from revealing information relating to, or applying for a patent for "a process and product which combines the vegetable protein zein with other products to produce a substance commonly referred to as VPP," purportedly developed by Plaintiff McArdle. (Def's Mot. Dismiss Ex. A). The agreement imposes obligations of "privacy, secrecy, confidentiality and restraint in patent applications," and makes no mention of patent infringement. *Id.* At the time the agreement was signed, Defendant did not have a patent for VPP. Plaintiff McArdle alleges in his Complaint that Defendant violated the Privacy Agreement by improperly disclosing confidential information. Resolution of whether or not Defendant disclosed confidential information in violation of the Privacy Agreement in no way implicates a question of federal patent law. *See Royal v. Leading Edge Products, Inc.,* 833 F.2d 1, 4 (1st Cir.1987) (quoting *Combs v. Plough, Inc.,* 681 F.2d 469, 470 (6th Cir.1982)) (noting the "usual rule" that "'where an action is brought to enforce, set aside, or annul a contract, the action arises out of the contract, and not under the patent laws, even though the contract concerns a patent right'"). As such, this Court does not have jurisdiction over Plaintiff McArdle's breach of contract claim.

In Count IV, Plaintiff VPP alleges that Defendant breached a Joint Venture Agreement allegedly entered into by VPP and Defendant on September 1, 1995. This agreement, by which the parties entered into a three-year joint venture "with the goal of developing, promoting and selling the use of VPP in the plastics industry and in other such areas as they may agree upon," sets forth certain duties and obligations of the parties. (Def.'s Mot. Dismiss Ex. B). Pursuant to this agreement, Defendant was to solicit customers, handle communications, maintain the venture's books, handle the funds of the venture, and secure commercial testing and experimental applications. Plaintiff VPP was to provide chemical expertise,

assist Defendant in communicating scientific information to potential customers, assist in the performance of testing, and provide the VPP substance required for testing. The Joint Venture Agreement acknowledges and reiterates the obligations imposed on Defendant by the Privacy Agreement entered into between Plaintiff McArdle and Defendant on August 27, 1995. Plaintiff VPP alleges that Defendant divulged trade secrets and other confidential information in violation of these obligations. Resolution of this purely state law contract claim likewise raises no question of patent law.

## B. DEFAMATION CLAIM

■ Plaintiff McArdle also alleges in Count II that Defendant made "damaging and untrue statements" about McArdle that amounted to defamation. Specifically, Plaintiff McArdle claims that Defendant falsely told certain persons that Plaintiff McArdle was guilty of fraud and deceit in connection with the development and use of a protein polysaccharide compound ("PPC") for which Plaintiff McArdle holds three issued United States patents.

■ Under Maine law, a defamation claim requires a showing of: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Lester v. Powers*, 596 A.2d 65, 69 (Me.1991). In Maine, the falsity of the statement allegedly defamatory is presumed and Defendant has the burden of proof as to truth. *Ramirez v. Rogers*, 540 A.2d 475, 477 (Me.1988). Therefore, Plaintiff McArdle is not required to make any affirmative showing of the authenticity of his patents or of the propriety of his development and use of the patented PPC in his case in chief. A challenge to the authenticity of any of Plaintiff McArdle's patents by Defendant is not sufficient to confer "arising under" jurisdiction in this Court. *American Well Works v. Layne & Bowler Co.*, 241 U.S. 257, 259, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916) ("A suit arises under the law that creates the cause of action. The fact that the justification may involve the validity and infringement of a patent is no more material to the question under what law the suit is brought than it would be in an action of contract"); *cf. Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc*, 986 F.2d 476, 478 (Fed.Cir.1993) (finding business disparagement claim requiring proof of falsity of patent infringement accusation to depend on resolution of substantial question of patent law).

## C. TORTIOUS INTERFERENCE CLAIMS

■ Finally, in Counts III and V, Plaintiffs McArdle and VPP allege tortious interference with prospective economic advantage. Specifically, Plaintiffs' claim that Defendant attempted to steer business away from them, delaying or preventing the establishment of commercial relationships. To prove a claim of tortious interference, Plaintiffs must show that Defendant, " 'by fraud or intimidation, procur[ed] the breach of a contract that would have continued but for such wrongful interference.' " *June Roberts Agency, Inc. v. Venture Properties, Inc.*, 676 A.2d 46, 50 (Me.1996) (quoting *Grover v. Minette–Mills, Inc.*, 638 A.2d 712, 716 (Me. 1994); *see also MacKerron v. Madura*, 445 A.2d 680, 683 (Me.1982)).

Defendant contends that Plaintiffs' tortious interference claims are in fact patent infringement claims artfully pled. Defendant argues that at the heart of Plaintiffs' case lies the allegation that Defendant is steering away potential business by offering a competing product for sale in violation of Plaintiff McArdle's patent. Assuming for the sake of argument that Defendant's contention is true, he has failed to show why this would require the Court to resolve a substantial question of federal patent law. To prove their claims Plaintiffs need only show that Defendant, by fraud or intimidation, procured a breach of contract. The fact that the allegedly tortious conduct of Defendant may also constitute patent infringement is irrelevant as "the party who brings suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S.

22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). As one court has noted:

> Interference with contract and interference with prospective economic advantage are state causes of action. When the subject matter of the contract interfered with is a patent or the prospective economic advantage relates to a patent, questions of patent law will often arise in the controversy. But that fact does not make the action one arising under the patent laws.

*Koratron Company, Inc. v. Deering Milliken, Inc.*, 418 F.2d 1314, 1317 (9th Cir.1969) (case did not arise under patent laws where plaintiff strained out all patent infringement language from its pleading, sought only damages appropriate to a common law claim, and stated a cause of action for common law relief, even though facts stated would also have sustained a claim for patent infringement). Because Plaintiffs' tortious interference claims do not arise under federal law, this Court lacks jurisdiction to consider them.

### CONCLUSION

Because this Court lacks jurisdiction over all five of Plaintiffs' claims, Plaintiffs' Motion to Remand is GRANTED and this case is hereby REMANDED to the Kennebec County Superior Court. Defendant's Motion to Dismiss or, in the alternative, for Change of Venue is rendered moot by this order.

*SO ORDERED.*