DAVID D. STARK *vs*. ADVANCED MAGNETICS, INC., & others.[1]

No. 98-P-1749.

Middlesex. May 11, 2000. - October 13, 2000.

Present: JACOBS, PORADA, & BECK, JJ.

*Jurisdiction,* Superior Court, Patent case. *Superior Court,* Jurisdiction. *Contract,* Interference with contractual relations, Misrepresentation. *Conversion. Trade Secret. Consumer Protection Act,* Trade secret.

Where certain tort claims and claims under G. L. c. 93A were not dependent as a necessary element of proof on a determination of Federal patent law, a matter under the exclusive jurisdiction of the Federal courts, the Superior Court had subject matter jurisdiction over the claims. [229-232]

A Superior Court judge incorrectly dismissed, on a motion for summary judgment, a plaintiff's tort claims and G. L. c. 93A claims arising from asserted misappropriation of trade secrets, on the ground that the claims were time barred, where there were disputed issues of material fact with respect to whether the plaintiff knew or should have known he was injured by the defendants' conduct. [232-236]

CIVIL ACTIONS commenced in the Superior Court Department on May 17, 1993, and April 29, 1998, respectively.

A motion for partial summary judgment was heard by *James F. McHugh*, J., and a motion for reconsideration was heard by him; the cases were ordered consolidated by *Raymond J. Brassard*, J., and a stipulation and agreement for judgment were filed on June 19, 1998.

*Henry C. Dinger* for the plaintiff.

*Ian Crawford* for the defendants.

PORADA, J. At issue in this case is whether the Superior Court lacks subject matter jurisdiction over the plaintiff's tort and G. L. c. 93A claims because determination of those claims requires the resolution of a substantial question of patent law under the exclusive jurisdiction of the Federal courts and, if the

[1]Jerome Goldstein, Ernest V. Groman, and Lee Josephson.

Superior Court has jurisdiction, whether those claims are barred by the applicable statute of limitations. We determine that the Superior Court has subject matter jurisdiction over all of the plaintiff's claims except his claim for negligent misrepresentation, and that material issues of fact preclude the disposition of the surviving claims by summary judgment on the ground that the claims are time barred.

We summarize the lengthy procedural history of this case. On September 3, 1992, the plaintiff filed an action in the United States District Court against the defendant, Advanced Magnetics, Inc. (AMI), seeking to be named as the inventor or coinventor on six patents issued to AMI relating to the use of superparamagnetic biodegradable contrast agents in magnetic resonance imaging (MRI) and to recover damages against AMI for breach of the duty of good faith and fair dealing, breach of implied contract, unjust enrichment, violation of G. L. c. 93A, § 11, conversion, misappropriation of trade secrets, negligent misrepresentation, and misrepresentation. Stark *vs.* Advanced Magnetics, Inc., U.S. Dist. Ct., No. 92-12157-Y (D. Mass. April 19, 1993). A United States District Court judge allowed summary judgment for AMI on the correction of inventorship claims and the tort claims. The judge ruled that the plaintiff had failed to exercise due diligence in pursuit of his correction of inventorship claims and that the tort claims were time barred. The judge also declined to exercise supplemental jurisdiction over the contract and G. L. c. 93A claims. The plaintiff appealed the allowance of summary judgment to the United States Court of Appeals for the First Circuit and filed his contract and G. L. c. 93A claims against AMI in the Superior Court. The plaintiff subsequently amended his complaint in the Superior Court to include claims against the individual defendants — Goldstein, Groman, and Josephson — for tortious interference with contractual or advantageous relations and for violation of G. L. c. 93A. The United States Court of Appeals for the First Circuit reversed the judgment of the United States District Court. *Stark v. Advanced Magnetics, Inc.*, 29 F.3d 1570 (1st Cir. 1994). The Court of Appeals ruled first that there were material issues of fact which had not been considered by the District Court judge when he concluded that the tort claims were time barred and further that the correction of inventorship claims were not barred by lack of due diligence. *Id.* at 1576. On remand, the District Court judge declined supplemental jurisdiction over the tort

claims and dismissed them. The plaintiff then filed a second action in the Superior Court against AMI in which he set forth those tort claims that had been dismissed in the Federal action.

Meanwhile, in the first Superior Court action, a judge had allowed the defendants' motion for partial summary judgment on the claim for tortious interference with contractual or advantageous relations against the individual defendants and on the claim for violation of G. L. c. 93A against AMI and the individual defendants. The Superior Court judge determined that those claims were barred by the statute of limitations. The parties then filed a joint motion to consolidate the two Superior Court actions upon representation that, once the motion to consolidate the actions was allowed, all counts of the consolidated amended complaint would be dismissed pursuant to a stipulation and agreement for judgment. The motion to consolidate was allowed, and the plaintiff filed a consolidated amended complaint. By means of a stipulation and agreement for judgment, the parties agreed that under the consolidated amended complaint: the tort claim against the individual defendants for tortious interference with contractual or advantageous relations (Count IV); the tort claims against AMI and the individual defendants for misappropriation of trade secrets (Count VIII) and conversion (Count IX); the tort claim against AMI for negligent misrepresentation (Count X); and the claim against AMI and the individual defendants for violation of G. L. c. 93A (Count VII) would be dismissed on the ground that they were time barred, as previously determined by the judge in the first Superior Court action. The parties further agreed that these claims would be subject to appeal by the plaintiff.[2]

On appeal, the plaintiff contends that the tort and G. L. c. 93A claims are not time barred. He also asserts, for the first time, a claim that the Superior Court lacks subject matter jurisdiction over those claims, whose resolution, he alleges, is dependent upon a determination of inventorship, which is a matter under the exclusive jurisdiction of the Federal courts.

1. *Jurisdiction.* "Subject matter jurisdiction cannot be conferred by consent, conduct or waiver." *Litton Bus. Sys., Inc.* v. *Commissioner of Rev.,* 383 Mass. 619, 622 (1981). "Accordingly, this court must take note of lack of jurisdiction whenever it appears, whether by suggestion of a party or otherwise." *Ibid.*

---

[2]The other claims of the consolidated amended complaint were dismissed by the parties and are not subject to this appeal.

Here, the plaintiff contends that each of the claims cannot be resolved without deciding a substantial question of patent law, namely the inventorship of the subject matter of the patents.

Under 28 U.S.C. § 1338(a) (1994), the Federal District Courts have "original jurisdiction of any civil action arising under any Act of Congress relating to patents. . . . Such jurisdiction [is] exclusive of the courts of the states in patent . . . cases." This section confers exclusive jurisdiction on the Federal District Courts only in those cases in which a well-pleaded complaint establishes either that (1) Federal patent law creates the cause of action, or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of [F]ederal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson* v. *Colt Indus. Operating Corp.*, 486 U.S. 800, 808-809 (1988). *Hunter Douglas, Inc.* v. *Harmonic Design, Inc.*, 153 F.3d 1318, 1324 (Fed. Cir. 1998), cert. denied, 525 U.S. 1143 (1999). Here, the plaintiff does not argue that Federal patent law creates his causes of action but rather that resolution of each of his claims requires a determination of a substantial question of Federal patent law, namely, a determination of the inventorship of the subject matter of the patents in question. In determining this issue, we look only to the plaintiff's statement of his claims in his complaint. *Christianson* v. *Colt Indus. Operating Corp.*, 486 U.S. at 809. In examining each claim, we also look to see whether the claim is supported by alternative theories and, if so, whether a determination of patent law is essential to each theory. *Hunter Douglas, Inc.* v. *Harmonic Design, Inc.*, 153 F.3d at 1325. If it is not, then the Federal District Court does not have exclusive jurisdiction of the claim. *Ibid*. Applying those principles to the claims set forth in the plaintiff's complaint, we discuss each claim.

(a) *Count IV: Claims of intentional interference with contractual or advantageous relations against the individual defendants*. The plaintiff alleges that the individual defendants wrongfully induced AMI to breach its agreement with the plaintiff not to seek patents on his inventions without his consent. The plaintiff thus argues that resolution of this claim depends on a substantial question of patent law, namely, whether the plaintiff was the inventor of the subject matter of the patents obtained by AMI. Ordinarily, interference with contractual or advantageous relations is a State law claim, even if questions of

patent law arise in the controversy. *Koratron Co.* v. *Deering Milliken, Inc.*, 418 F.2d 1314, 1317 (9th Cir. 1969), cert. denied, 398 U.S. 909 (1970). However, we need not decide whether this theory of the claim presents a substantial question of Federal patent law, because this is not the only theory alleged to support the plaintiff's claim. The plaintiff also alleged that the individual defendants wrongfully induced AMI to breach its agreement not to disclose the plaintiff's trade secrets or other proprietary information without his consent. "A trade secret need not be a patentable invention." *J.T. Healy & Son, Inc.* v. *James A. Murphy & Son, Inc.*, 357 Mass. 728, 738 (1970). See *American Tel. & Tel. Co.* v. *Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1992) (not all inventions are patentable; some inventions are unpatentable trade secrets). "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *J.T. Healy & Son, Inc.* v. *James A. Murphy & Son, Inc., supra* at 736, quoting from Restatement of Torts § 757 comment b. In the plaintiff's complaint, he alleges that he disclosed to AMI certain findings and conclusions resulting from his research on the coating of iron oxide particles with certain materials that enables the particles to be used as contrast agents in MRI. This information may well constitute trade secrets but need not be a patentable invention. As a result, this alternative theory in support of the plaintiff's claim does not require as an essential element a determination of a substantial question of patent law. See *American Tel. & Tel. Co.* v. *Integrated Network Corp.*, 972 F.2d at 1324 (plaintiff's claim against current employer of four of plaintiff's former employees for wrongfully inducing them to breach their contract with the plaintiff by divulging to their current employer proprietary information contained in a patent did not involve a substantial question of patent law and should be tried in a State court). See also *McArdle* v. *Bornhofft*, 980 F. Supp. 68, 71-72 (D. Me. 1997) (claim that defendant divulged trade secrets in breach of a contract between parties which prohibited the defendant from applying for or revealing information relating to a patent for a particular process purportedly developed by the plaintiff properly heard in State court); *Aronson* v. *Orlov*, 228 Mass. 1, 8-9, cert. denied, 245 U.S. 662 (1917) (no question of patent law in action where plaintiff sought to preclude the unlawful

use of information, "which may relate in part to an invention about the patentability of which there was contention"). Because more than one theory is alleged to support this claim, and because patent law is not essential to the determination of one of those theories, the Superior Court has jurisdiction of this claim. *Hunter Douglas, Inc.* v. *Harmonic Design, Inc.*, 153 F.3d at 1325.

(b) *Count VIII: Claims of misappropriation of trade secrets against AMI and the individual defendants.* The plaintiff alleges that the defendants misappropriated his trade secrets by claiming and disclosing them in patents and patent applications. Because this claim is not dependent on a determination of patent law as a necessary element of its proof for the reasons discussed *supra*, the Superior Court has jurisdiction of this claim. See *Becher* v. *Contoure Labs., Inc.*, 279 U.S. 388, 391 (1929) (State court had jurisdiction of suit to enjoin improper use of knowledge obtained under agreement to construct invention on which the defendant had obtained a patent in violation of his agreement with the plaintiff).

(c) *Count IX: Claims of conversion against AMI and the individual defendants.* The plaintiff alleges that the defendants have converted the plaintiff's trade secrets and inventions by disclosing his trade secrets and obtaining patents on his inventions. There is no question that the issue whether the plaintiff is the inventor of the patented inventions presents a substantial question of patent law. See *Hunter Douglas, Inc.* v. *Harmonic Design, Inc.*, 153 F.3d at 1330 (inventorship issues present substantial questions of patent law); *Rustevader Corp.* v. *Cowatch*, 842 F. Supp. 171, 173-174 (W.D. Pa. 1993) (a complaint raising an inventorship dispute arose under Federal patent law). Nevertheless, because the plaintiff also supports this claim with the alternative theory of improper appropriation of trade secrets, which does not require as an essential element of its proof a determination of patent law, the Superior Court has jurisdiction of this claim. *Hunter Douglas, Inc.* v. *Harmonic Design, Inc.*, 153 F.3d at 1325.

(d) *Count X: Claims of negligent misrepresentation against AMI.* The plaintiff alleges that AMI represented to him that the plaintiff's ideas and inventions disclosed by him to AMI were not patentable and that this representation was false and negligently made by AMI. An essential element of this claim is a determination that the information furnished to AMI by the

plaintiff did not constitute a patentable invention and, thus, the claim presents as a necessary element a question of patent law. Cf. *Hunter Douglas, Inc.* v. *Harmonic Design, Inc.*, 153 F.3d at 1328-1329 (claim for injurious falsehood depends on the resolution of a substantial question of Federal patent law). The Superior Court lacked jurisdiction of this claim.

(e) *Count VII: G. L. c. 93A claim against AMI and the individual defendants.* The plaintiff alleges that the defendants committed unfair and deceptive trade practices by breaching their agreements with the plaintiff, misappropriating the plaintiff's trade secrets, converting the plaintiff's property, tortiously interfering with the plaintiff's contractual or advantageous relations with third parties, and by obtaining patents and licensing the teachings without naming the plaintiff as the sole or joint inventor. While the plaintiff is correct that the alleged failure to name him as the inventor or coinventor presents a substantial question of patent law, the claim is also supported by other, alternative theories, such as misappropriation of trade secrets and conversion, which do not involve as an essential element a question of patent law. See discussion *supra.* For this reason, the Superior Court has jurisdiction of this claim.

2. *Statute of limitations.* Actions for tortious interference with contractual or advantageous relations, misappropriation of trade secrets, and conversion must be brought within three years after the cause of action accrues. G. L. c. 260, § 2A. Actions for violation of G. L. c. 93A must be brought within four years after the cause of action accrues. G. L. c. 260, § 5A. In tort actions and actions for violation of G. L. c. 93A, the cause of action accrues at the time the plaintiff is injured. *Joseph A. Fortin Constr., Inc.* v. *Massachusetts Hous. Fin. Agency*, 392 Mass. 440, 442 (1984) (tort). *International Mobiles Corp.* v. *Corroon & Black/Fairfield & Ellis, Inc.*, 29 Mass. App. Ct. 215, 221 (1990) (G. L. c. 93A). The plaintiff commenced his action for the claims at issue on September 3, 1992, in the United States District Court and asserts that his action was timely, because he did not know that he had suffered an injury as a result of the defendants' conduct until sometime in 1990, when the defendants terminated their agreement with him, and he first became aware that the defendants had obtained patents on his inventions. In the alternative, the plaintiff argues that the statute of limitations was tolled until 1990, because the defendants fraudulently concealed their tortious conduct from him and violated their

fiduciary duty to him by failing to furnish him with information from which he could have learned of his injury. The plaintiff also argues that because a number of the patents were issued within three to four years of the commencement of this litigation, as well as after litigation commenced, the Superior Court erred in dismissing the plaintiff's claims relating to those patents.

In allowing the defendants' motion for partial summary judgment relating to the claims at issue in this proceeding, the Superior Court judge determined that the 1987 and 1988 annual reports of AMI received by the plaintiff contained sufficient information to put him on notice that AMI was claiming for itself the plaintiff's alleged inventions and trade secrets and from which the plaintiff should have known that he had been harmed. There is no dispute that on September 13, 1988, AMI's employees obtained a patent entitled "Biologically Degradable Superparamagnetic Particles For Use As Nuclear Magnetic Resonance Imaging Agents" and that its issuance was a matter of public record on that date. As such, it served as notice to the world of its existence. *Wise* v. *Hubbard*, 769 F.2d 1, 2 (1st Cir. 1985). *Saenger Org., Inc.* v. *Nationwide Ins. Lic. Assocs., Inc.*, 119 F.3d 55, 66 (1st Cir. 1997). There is also no dispute that the plaintiff was mailed a copy of AMI's annual report for 1988 on January 3, 1989, that the plaintiff received the report shortly after January 9, 1989, and that the report set forth the fact that this patent had been issued to two officers of AMI and that AMI was engaged in aggressively marketing this invention. These events were sufficient to alert the plaintiff that AMI was in breach of its alleged agreement with him and that he had been harmed. To start the statute running, the plaintiff need not know the full extent of his injury. *Bowen* v. *Eli Lilly & Co.*, 408 Mass. 204, 207 (1990). All that is necessary is that an event or events have occurred that are reasonably likely to put the plaintiff on notice that he has been harmed. *Ibid.* Those events should have put the plaintiff on notice of his injury. As such, unless the statute of limitations was tolled by fraudulent concealment, the plaintiff's tort claims, which were commenced on September 3, 1992, would not have been timely.

Under G. L. c. 260, § 12, the statute of limitations will be tolled "if the wrongdoer either 'concealed the existence of a cause of action through some affirmative act done with intent to deceive' or breached a fiduciary duty of full disclosure." *Puritan*

*Med. Center, Inc.* v. *Cashman*, 413 Mass. 167, 175 (1992), quoting from *Frank Cooke, Inc.*, v. *Hurwitz*, 10 Mass. App. Ct. 99, 108 (1980). The plaintiff claims that the defendants not only fraudulently concealed the facts giving rise to his tort claims but also breached their fiduciary duty to disclose this information to him. The statute of limitations, however, is not tolled if the plaintiff has actual knowledge of the facts giving rise to his cause of action. *Malapanis* v. *Shirazi*, 21 Mass. App. Ct. 378, 386 n.8 (1986). *Patsos* v. *First Albany Corp.*, 48 Mass. App. Ct. 266, 272 (1999). In the case of actual fraud, the statute will not be tolled if the plaintiff also had the means to acquire the facts on which his cause of action is based. *Brackett* v. *Perry*, 201 Mass. 502, 505 (1909). *Demoulas* v. *Demoulas Super Markets, Inc.*, 424 Mass. 501, 520 & n.25 (1997). In this case, in early January, 1989, when the plaintiff received AMI's annual report, which disclosed that a patent had been issued on September 13, 1988, to two of AMI's officers for superparamagnetic particles for use as contrasting agents in MRI, the plaintiff certainly had the means to acquire such facts to negate the tolling of the statute of limitations based on actual fraud.

However, if the defendants had a fiduciary duty to disclose the facts and failed fully to do so, the fact that the plaintiff had the means of learning the facts would not preclude the tolling of the statute until such time as the plaintiff acquired actual knowledge of the facts. *Demoulas* v. *Demoulas Super Markets, Inc.*, 424 Mass. at 519-520. At issue then is whether the parties' relationship was a fiduciary one or amounted to no more than an arm's length business relationship. *Broomfield* v. *Kosow*, 349 Mass. 749, 755-757 (1965). *Markell* v. *Sidney B. Pfeifer Foundation, Inc.*, 9 Mass. App. Ct. 412, 443-444 (1980). The issue is dependent on the resolution of disputed issues of material fact, such as whether the parties' relationship was one of trust and confidence; whether the plaintiff relied upon the defendants' specialized knowledge or judgment; whether the defendants were aware of the plaintiff's reliance upon them; and whether the defendants abused the plaintiff's trust and confidence to the plaintiff's disadvantage. *Ibid.* In light thereof, the tort claims could not be disposed of by summary judgment on the statute of limitations ground.

We turn now to the plaintiff's claim for violation of G. L. c. 93A. The plaintiff's claim would not be barred by the issuance of the first patent on September 13, 1988, or the 1988 an-

nual report, because its limitation period of four years would not have expired until September 13, 1992, at the earliest, and the plaintiff's action was filed on September 3, 1992. The inquiry then becomes whether the plaintiff was put on notice by any event or events from which he either knew or should have known of his injury as a result of the defendants' conduct prior to September 3, 1988, namely, that the defendants were allegedly claiming the plaintiff's alleged inventions or trade secrets as their own, divulging the same to others without the plaintiff's permission and appropriating the economic benefit from the use of the plaintiff's inventions and trade secrets. The defendants claim that there was enough information in AMI's 1987 annual report, which the plaintiff received in early 1988, and in his knowledge of AMI's activities to put him on notice of his injury before September 3, 1988. The 1987 report highlights AMI's continuing research and development of contrast agents to improve the diagnostic sensitivity of MRI, its attempts to market its contrast agents, and discloses that AMI entered into a research and development partnership agreement with M.L. Technology Ventures, L.P. (MLTV), to help fund the clinical trials for Feridex, a contrast agent for use in MRIs of the liver, and a distribution agreement with Guerbet S.A. to sell Feridex in Europe and South America. The defendants point out that the plaintiff met with representatives of MLTV before AMI entered into its agreement with MLTV and met with representatives of Guerbet in January, 1988, to promote AMI's contrast agents for use in MRI. In addition, the defendants stress that the plaintiff's membership on AMI's scientific advisory board in 1986 and 1987 kept him abreast of AMI's research and development of contrast agents for use in MRI, its attempts to market the contrast agents, and its desire to file patents on its findings. The defendants argue that this information was sufficient to alert the plaintiff that he had been harmed and to the likely cause of his injury. The plaintiff's counter argument is that there is nothing in this information which is inconsistent with the parties' collaborative efforts to develop contrast agents for use in MRI or which suggests that AMI intended to cut the plaintiff out of his share of the fruits of their collaboration or that AMI intended to claim the plaintiff's alleged inventions as its own and to arrogate all economic benefit for itself. Thus, on the record before us, there is a disputed issue of fact whether the plaintiff knew or should have known that he may been injured by the defendants'

conduct before September 3, 1988. Summary judgment should not have been granted on this claim for violation of G. L. c. 93A, § 11.

In light of the result reached by us, we need not discuss the plaintiff's final argument that the statute of limitations cannot constitute a bar to the plaintiff's tort claims or claim for a violation of G. L. c. 93A, § 11, based on patents which were issued to AMI within three or four years of his commencement of this action. In any event, we note that the plaintiff's argument on this issue does not rise to the level of acceptable appellate argument. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). *Larson* v. *Larson*, 30 Mass. App. Ct. 418, 428 (1991).

In sum, we vacate the judgment on Count X for negligent misrepresentation for lack of subject matter jurisdiction and dismiss that count. We reverse the judgment on the remaining counts and remand this case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*