Houston, J.
INTRODUCTION
The plaintiff, Intertech Engineering Associates, Inc. (“Intertech”) brought this action against the defendants Immunetics, Inc. (“Immunetics”), and Nova Biomedical Corporation (“Nova”), alleging various counts arising out of the sale of software products and related services for which Intertech contends it was never compensated. Now before the court is Nova’s motion to dismiss Count III for Conversion, Count IV for Fraudulent Inducement and Count VII for a violation of G.L.c. 93A. For the reasons set forth below, this motion is ALLOWED.
BACKGROUND
This is an action to collect a debt that Intertech claims is owed to it for software and other intellectual property Intertech sold to Immunetics and Nova in 1998. Immunetics and Nova entered into a business agreement whereby Nova would develop a product for testing tick-borne, blood-borne, parasitic and immunocompromised diseases. Then in June 1998, Nova subcontracted with Intertech to write the user *485 interface section of the CodaVision Software. Intertech delivered the CodaVision Software, demanded payment on or before December 22, 1998, and contends that it has yet to receive payment. Intertech alleges that Nova owes Intertech $305,164.00. Intertech further alleges that in January 1999 Nova contacted a junior engineer at Intertech, rather than the designated point person, David Vogel, in an attempt to improperly obtain source code relating to the CodaVision software. Upon being told they must contact David Vogel, Nova requested source code from Vogel and promised to pay the outstanding amount owed to Intertech. According to Intertech, Nova continues to use the source code and the CodaVision software.
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any inference that can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1991). The complaint should not be dismissed unless it appears clear, beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977).
Nova has moved for dismissal on Counts III, IV, and VII on the basis that such claims are barred by the statute of limitations.
I.Count III: Conversion
In Count III of its complaint Intertech claims that Nova converted and continues to convert Intertech’s software and related projects. A claim for conversion must be brought within three years of accrual of the claim. Stark v. Advanced Magnetics, Inc., 50 Mass.App.Ct. 226, 232 (2000). Intertech delivered the CodaVision software sometime between June and December 1998 and provided Nova with the source code in or about January 1999. Accordingly the statute of limitation expired no later than in or about January 2002. Although it is not clear precisely whether Inter-tech provided the source code in January or soon thereafter, this is of no consequence because Intertech did not commence this action until March 2004, long after the statute of limitations expired.
Intertech alleges that its claim for conversion is continuous because Nova continues to use and benefit from the CodaVision software and thus the statute of limitations must be tolled. This argument, however, is without merit. There is no allegation of fraudulent concealment. Intertech knew it was harmed when it delivered the CodaVision software in June 1998 and was not paid for it. Intertech demanded payment in December 1998 and was still not paid. At the very latest, Intertech knew it was harmed in 1999 when Intertech provided Nova with source code, Nova promised to pay the outstanding debt, and still did not pay Intertech. Because the statute of limitations has expired, Count III is dismissed.
II.Count IV: Fraudulent Inducement
In Count IV Intertech claims that Nova fraudulently induced Intertech into providing the source code and related products. A claim for fraudulent inducement must be brought within three years of the accrual of such claim. G.L.c. 260, §2A; Albrecht v. Clifford, 436 Mass. 706, 714 (2002). The inducement, if any, occurred when Nova contacted Intertech in 1999. The complaint was not filed until March 2004. This is outside the time period allowed by the statute of limitations, and thus Count IV must be dismissed.
III.Count VII: 93A
In Count VII Intertech claims that Nova violated Chapter 93A by converting and continuing to convert Intertech’s software and related products. The statute of limitations for a c. 93A claim is four years. Stark, 50 Mass.App.Ct. at 232. The c. 93A claim is supported by the same allegations discussed above. Accordingly, the c. 93A claim accrued in January 1999 or soon thereafter, and in any event, long before this action was commenced in March 2004.
ORDER
For the foregoing reasons, it is hereby ORDERED that Nova’s motion to dismiss Counts III, IV, and VIII is ALLOWED.