Fahey, Elizabeth M., J.
The Commonwealth has commenced the underlying action against defendant Keith Miller (“Miller”) on eleven counts. This matter is currently before the court on the Commonwealth’s Partial Motion for Summary Judgment as to Count III (violation of G.L.c. Ill, § 197A) and Count XI (violation of G.L.c. 93A, §2) arising out of Miller’s alleged failure to provide requisite notices of lead hazards to prospective tenants. For the reasons set for below, the motion is ALLOWED in part and DENIED in part.
BACKGROUND
The following facts taken from the summary judgment record are viewed in the light most favorable to the non-moving party, Miller.
The Commonwealth issued a G.L.c. 93A demand letter to the defendant on Januaiy 26, 2011; filed the underlying complaint in the Superior Court on February 14, 2011; and filed an amended complaint on February 22, 2012. At the time the Commonwealth filed suit, Miller owned and offered twenty-four units for rent in Massachusetts, eighteen of which were located in Chelsea (hereinafter “Chelsea Properties”).
Prior to purchasing the Chelsea Properties in 2001, Miller sought inspection of fourteen of the units by ASAP Environmental, Inc. He also obtained certificates of maintained compliance for these fourteen units. Between 2001 and September 2010, Miller provided his tenants in the Chelsea Properties with a form letter and attachments concerning lead paint hazards.[1] During this time, Miller did not provide his *356 tenants with lead hazard documents identified in the forms furnished to his tenants, including that concerning existing lead inspection histories.[2] During this time, Miller also failed to ensure that new tenants signed or obtained a receipt of the required notification and certification forms.
DISCUSSION
I.Summary Judgment Standard
The court shall grant a motion for summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cabot Corp. v. AVX Corp., 448 Mass. 629, 636-37 (2007). The moving party bears the burden of showing the absence of a genuine issue of material fact on every issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy this burden by submitting affirmative evidence that negates,an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). The non-moving party cannot defeat a motion for summary judgment by merely asserting that facts are in. dispute. Mass.R.Civ.P. 56(e); LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Rather, to defeat summary judgment, the non-moving party must introduce evidence to prove the existence of a genuine issue for trial. Wooster v. Abdow Corp., 46 Mass.App.Ct. 665, 673 (1999). “Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient.” Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 890 (1987), quoting Madsen v. Erwin, 395 Mass. 715, 721 (1985). Finally, all facts and inferences must be reviewed in the light most favorable to the nonmoving party. Attorney General v. Bailey, 386 Mass. 367, 370 (1982).
II.Statute of Limitations
Miller argues that the Commonwealth’s requested relief is barred by the applicable statute of limitations. Pursuant to G.L.c. 260, §5A, actions arising under G.L.c. 111, §197A and G.L.c. 93A, including those brought by the attorney general, “shall be commenced only within four years next after the cause of action accrues.” A cause of action accrues when the plaintiff knows or reasonably should know of harm attributable to the defendant’s conduct. See Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 994 (1st Cir. 1988); Stark v. Advanced Magnetics Inc., 50 Mass.App.Ct. 226, 232 (2000) (finding that a plaintiff need only know events have occurred which are reasonably likely to put plaintiff on notice of harm).[3]
In the instant case, the Commonwealth specified in its G.L.c. 93A demand letter, issued on January 26, 2011, that the Commonwealth’s pending complaint would include an allegation that Miller failed to provide adequate notice of lead hazards to his tenants. See Exhibit 7, Joint Appendix. The Commonwealth then proceeded to file its complaint alleging violations of G.L.c. 111, §197A and G.L.c. 93A, §2 as to three named tenants on February 14, 2011 and subsequently filed an amended complaint, on February 22, 2012, expanding its claims to allege that the defendant “violated G.L.c. 93A, §2 by having a policy or practice of not providing new tenants with lead paint disclosures up until February 2011" (emphasis added). The relief currently requested on summary judgment includes that concerning alleged lead hazard notice violations as to twenty-five additional individuals the Commonwealth identifies as Miller’s tenants.[4] The summary judgment record reveals that the Commonwealth first discovered that Miller failed to provide mandatory lead hazard document disclosures to all tenants between 2001 and September 2010 upon Miller’s own admission during his deposition conducted on June 28, 2012. The court finds that the cause of action for these additional tweniy-five individuals thereby accrued in June 2012 and is satisfied that claims of relief concerning alleged violations as to these additional twenty-five individuals are not time-barred.
III.G.L.c. Ill, §197A (Count III)
1. Liability
Pursuant to G.L.c. Ill, §197A(d)(2), prior to entering into a tenancy agreement, the owner of a premises is obligated to provide a prospective tenant with the following:
(i) a copy of the materials and standard form completed pursuant to paragraph (1); (ii) a copy of the most recent lead paint inspection report, letter of interim control, letter of compliance or abatement plan applicable to the dwelling unit and to the common areas or exterior surfaces of the residential premises; and (iii) two copies of a statement certifying that the prospective tenant received all of the above materials, one copy of which is to be retained by the tenant and one by the owner.
During his deposition, conducted in June 2012, Miller testified that he did not provide any of his Chelsea Properties’ tenants, prior to September 2010, with lead inspection or risk assessment reports, letters of compliance, letters of interim control, or abatement plans. See Exhibit 2, Joint Appendix. Additionally, Miller testified that, prior to 2010, he did not procure statements certifying receipt of the lead paint notification materials for the tenants to sign. See id. Thus, it is undisputed that Miller violated G.L.c. Ill, §197A.[5] The Commonwealth is, thereby, entitled to judgment as a matter of law on the issue of Miller’s liability for violations of G.L.c. Ill, §197A in failing to provide tenants with the requisite information relating to lead hazards.[6]
2. Damages
Pursuant to G.L.c. Ill, §197A(e), “(a]ny owner who fails to comply with the provisions of this section shall *357 be liable for all damages caused by the failure to comply and, in addition, shall be subject to assessment of a penalty not to exceed one thousand dollars.” Here, genuine issues of material fact remain as to the identification and number of Chelsea Property tenants not provided requisite documentation. According to the Commonwealth, based on evidence limited to the period January 2006 through September 2010, Miller failed to provide notification to at least twenty-eight tenants and, thus, violated the statutory requirement on at least twenty-eight occasions. Miller challenges the Commonwealth’s means of identification, i.e. via records of bank payment, and denies Commonwealth’s categorization of individuals as former or current tenants. Thus, on the issue of damages, summary judgment is not proper and a trial is required to resolve the underlying factual dispute.
IV. G.L.c. 93A (Count XI)
1. Liability
Pursuant to Massachusetts law, a violation of G.L.c. 111, § 197A “by a person engaged in trade or commerce shaE be an unfair and deceptive act or practice as defined in section two of chapter ninety-three A.” G.L.c. Ill, §197A(e) (emphasis added). A party engages in trade or commerce when it acts “in a business context.” Peabody N.E., Inc. v. Town of Marshfield, 426 Mass. 436, 439 (1998). This determination depends on a number of factors, including: “the nature of the transaction, the character of the parties involved, and [their] activities ... and whether the transaction [was] motivated by business or personal reasons.” Id. at n.6, quoting Begelfer v. Najarian, 381 Mass. 177, 190-91 (1980). Here, in renting out real estate that he owned, Miller acted in a business context motivated by business reasons, rather than personal reasons; thus, he engaged in trade or commerce. The court finds, as a matter of law, that Miller’s failure to provide documentation of inspection to his tenants as mandated by G.L.c. Ill, §197A thereby constitutes an unfair and deceptive act or practice in violation of G.L.c. 93A, §2.
2. Damages
Pursuant to G.L.c. 93A, §4:
If the court finds that a person has employed any method, act or practice which he knew or should have known to be in violation of said section two, the court may require such person to pay to the commonwealth a civil penalty of not more than five thousand dollars for each such violation and also may require the said person to pay the reasonable costs of investigation and litigation of such violation, including reasonable attorneys fees.
This court finds that Miller knew or should have known of his obligation to his tenants due to the fact that Miller, a practicing attorney, (1) undertook to have lead inspections performed on fourteen of the units in the Chelsea Properties as early as 2001 and (2) provided each of his tenants with documentation setting forth the obligation of property owners to provide prospective tenants with existing lead hazard inspection documents concerning apartments to be rented. Cf. Quinlan v. Clasby, 71 Mass.App.Ct. 97, 102-04 (2008) (While [G.L.c. 93A] requires disclosure of all material facts known to a party at the time of a transaction, it does not impose “liability for failing to disclose what a person does not know” (internal citations omitted)).
Miller argues that he is not liable under G.L.c. 93A, §4 because the Commonwealth has failed to demonstrate that he acted willfully or knowingly or that he knew any such violation was a violation of G.L.c. 93A, §2. The court finds this argument unavailing. The “culpable state of mind required for the imposition of penalty damages under c. 93A relates to the defendant knowingly or willfully engaging in conduct that is unfair or deceptive, and does not, as [the defendant] suggests, require actual knowledge of the law or that the conduct violated the law.” Snowden v. Chase Manhattan Mortg. Corp., 2004 Mass.Super. LEXIS 178 *7 (Mass.Super.Ct. 2004) (McCann, J.) [17 Mass. L. Rptr. 667] (parenthetical notation in original). “Neither the failure of the defendant to apprise himself fully of the law, nor his misapprehension of what he did know about his obligations, is sufficient in the circumstances to negate the conclusion that his conduct ran afoul of the penalty provisions ...” Montanez v. Bagg, 24 Mass.App.Ct. 954, 956 (1987) (knowing or willful violation of G.L.c. 93A, §3 requires not actual knowledge of the terms of the statute, but “knowledge, or reckless disregard, of conditions in a rental unit which, whether the defendant knows it or not, amount to violations of the law”).
Miller further challenges the Commonwealth’s failure to allege that any tenant sustained ascertainable loss or damage as a result of Miller’s technical failure. However, such an omission does not render the Commonwealth’s motion deficient as the state has authority to seek heavy sanctions on those who engage in deceptive acts even without injury. See Rule v. Fort Dodge Animal Health, Inc., 607 F.3d 250, 255 (1st Cir. 2010) (concerning G.L.c. 93A, §4 in the context of deceptive advertising).
The award of costs and attorneys fees under G.L.c. 93A, §4 lies within the discretion of the court. See Commonwealth v. Source One Assocs., 2000 Mass.Super. LEXIS 90, *8 (Mass.Super.Ct. 2000) [10 Mass. L. Rptr. 579]. Nonetheless, genuine issues of material fact remain precluding summary judgment on the issue of damages pursuant to G.L.c. 93A because the parties dispute how many tenants were not provided with the requisite documentation. Cf. Commonwealth v. AmCan Enters., 47 Mass.App.Ct. 330, 338 (1999) (where each deceptive solicitation viewed “as a separate statutory violation for which a judge may, under G.L.c. 93A, §4, impose a separate civil penalty”). Thus, summary judgment is not warranted on the issue of damages and a trial is required to resolve the underlying factual dispute.
*358 ORDER
For the foregoing reasons, this court ORDERS that the Commonwealth’s Partial Motion for Summary Judgment as to Count III and Count XI of the second amended complaint is GRANTED insofar as liability is entered in plaintiffs favor, and DENIED as to Count III and Count XI insofar as the calculation of damages due to the existence of genuine issues of material fact. This court hereby ORDERS that a trial be conducted on the issue of damages pursuant to Count III and Count XI of the amended complaint. The trial date will be selected at the next hearing.

 The form letter stated that Miller was “required by to [sic] law to give you notification about LEAD PAINT hazards in apartments that I own and rent out to families with children under 6 years old.” See Exhibit 4, Joint Appendix to Plaintiff Commonwealth’s Motion for Partial Summary Judgment (hereinafter “Joint Appendix”).

 The “Tenant Lead Law Notification” attached to the form letter provided that: “Before renting a home built before 1978, the property owner and the new tenant must sign two copies of this Tenant Lead Law Notification and Tenant Certification Form, and the property owner must give the tenant one of the signed copies to keep. If any of the following forms exist for the unit, tenants must also be given a copy of them: lead inspection or risk assessment report, Letter of Compliance, or Letter of Interim Control. This form is for compliance with both Massachusetts and federal lead notification requirements.” See Exhibit 4, Joint Appendix.

 To the -extent that the defendant maintains that the Commonwealth stands in the shoes of the underlying tenants for purposes of identifying the point at which the plaintiff Commonwealth reasonably acquired knowledge of harm, the court notes that Miller has provided no caselaw in support of this proposition and that the court is unaware of such authority. Moreover, the court is not persuaded by the defendant’s suggestion that the underlying tenants could have reasonably known, at the point they commenced tenancies with Miller, that Miller was withholding documents he was mandated to provide, particularly where Miller indicated to the tenants, by form letter and attachment, that he would provide such lead hazard documents if they existed.

 The court finds Miller’s related argument, that the Commonwealth’s requested relief is barred for falling outside the scope of the notice provided to Miller pursuant to G.L.c. 93A, §4, unavailing. First, contrary to the defendant’s assertion, the court is satisfied that the requirements of Mass.R.Civ.P. 8 have been met as Rule 8 merely necessitates that the defendant be put on notice of the theory of the plaintiffs case. See Pederson v. Time, Inc., 404 Mass 14, 17 (1989). Here, the Commonwealth’s demand letter and complaint adequately put the defendant on notice of its claims and theory by including allegations that Miller violated G.L.c. 111, §197A(d)(2) and G.L.c. 93A, §4 in not providing adequate notice of lead hazards to his tenants. While, since the issuance of its demand letter, the Commonwealth has identified twenty-five additional tenants as basis of relief for the alleged violations, the court recalls that “the Legislature intended a minimal degree of rigor for fulfilment of the statutory written demand.” Cassano v. Gogos, 20 Mass.App.Ct. 348, 352 (1985) (in the context of G.L.c. 93A, §9). Moreover, the language of the demand letter was not so narrow as to preclude identification of similarly situated tenants and the amended complaint placed the defendant on adequate notice that violations as to similarly situated tenants figured into the Commonwealth’s theory of the case. Cf. Commonwealth, v. De Cotis, 366 Mass. 234, 246 (1974) (“The very purpose of the Attorney General’s involvement is to provide an efficient, inexpensive, prompt and broad solution to the alleged wrong. Relief in favor of all wronged persons would be the result in a class action brought by a consumer under G.L.C. 93A, §9, and we see no logical reason for a distinction in an action brought by the Attorney General under §4.”); Commonwealth v. H&R Block, Inc., 2008 Mass.Super. LEXIS 427, *45 (Mass.Super.Ct. 2008) (Gants, J.) [25 Mass. L. Rptr. 92] (with respect to the statutory authority conferred by G.L.c. 93A, §4, “the Commonwealth’s Attorney General, like the EEOC, is not limited to representing the interests of the particular victim on whose behalf she takes legal action; she is specifically empowered to act in the ‘public interest’ to protect all of the residents of the Commonwealth from the alleged unlawful practices in violation of Mass. Gen. Laws ch. 93A, §2”); Kugler v. Romain, 279 A.2d 640, 648 (N.J. 1971) (Attorney General of NJ entitled to bring a suit not only on behalf of specially named persons but on behalf of all similarly situated persons).

 During the hearing of this motion, defendant stipulated to liability on Count III, but not Count XI.

 To the extent that the defendant contends G.L.c. 111, §197A contains a willful and knowing requirement, he provides no caselaw in support of this proposition nor is the court aware of any such requirement within the statute. See G.L.c. 111, §197A (“Any owner who fails to comply with the provisions of this section shall be liable [. . .]”); Massachusetts Rental Hous. Ass'n v. Prenney, 1997 Mass. Super. LEXIS 70 at *3 n.2 (Mass.Super.Ct. 1997) [7 Mass. L. Rptr. 675].