NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-392

MARY GATTINERI

vs.

WILLIAMS-SONOMA STORES, INC., & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Mary Gattineri, appeals from a judgment of the Superior Court dismissing her complaint for trade secret misappropriation and related claims against the defendants, Williams-Sonoma Stores, Inc. (Williams-Sonoma); Lifetime Brands, Inc. (Lifetime); Teresa Musgrove; and Warren Tuttle.[2] We agree with the motion judge that the applicable statutes of limitations bar her claims, and affirm.

---

[1] Lifetime Brands, Inc.; Teresa Musgrove; and Warren Tuttle. Tuttle joined in the briefs and oral arguments of his codefendants.

[2] The plaintiff brought ten claims against the defendants in different combinations: breach of contract, trade secret misappropriation, conversion of property, aiding and abetting misappropriation of trade secrets, fraud, negligent misrepresentation, unjust enrichment, negligent infliction of emotional distress, intentional infliction of emotional distress, and unfair and deceptive practices.

In 2003, the plaintiff designed what she called "The Perfect Brownie Pan," a pan with removable inserts that baked precut brownies.  She was working in retail sales at Williams-Sonoma at the time and showed Musgrove, Williams-Sonoma's district manager, a prototype of the pan subject to a nondisclosure agreement,[3] but was unsuccessful in developing the prototype with Williams-Sonoma.  Thereafter, in 2009, the plaintiff saw a television infomercial by Allstar Marketing Group (Allstar) selling a product "virtually identical" to her invention and marketed under the name "The Perfect Brownie Pan." In 2010, Focus Products Group (Focus) obtained a patent for a pan matching her invention.  Eleven years later, in 2021, the plaintiff filed this action against the defendants.

We review the allowance of a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), "de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor."  Harrington v. Costello, 467 Mass. 720, 724 (2014).  It is well settled that a motion to dismiss is an "appropriate vehicle for raising [the] defense" that "the action was commenced beyond the time constraints of the statute of limitations."  Epstein v. Seigel,

_____

[3] The plaintiff alleged that Musgrove entered into the nondisclosure agreement on behalf of Williams-Sonoma, but the agreement does not indicate that Musgrove acted in a representative capacity.

2

396 Mass. 278, 279 (1985).  Under the discovery rule, the statute of limitations is tolled "until a plaintiff knows, or reasonably should have known, that it has been harmed or may have been harmed by the defendant's conduct."  Taygeta Corp. v. Varian Assocs., Inc., 436 Mass. 217, 229 (2002).

In the present case, the plaintiff had actual knowledge of her injury when she saw the infomercial for "The Perfect Brownie Pan" in 2009.  "The knowledge required to trigger commencement of the statute of limitations is not notice of every fact which must eventually be proved in support of the claim, but rather knowledge that an injury has occurred" (quotations and citation omitted).  AA&D Masonry, LLC v. South St. Business Park, LLC, 93 Mass. App. Ct. 693, 699 (2018).  The plaintiff alleged that after seeing the infomercial, she was "[c]oncerned that confidential information relating to her invention had been disclosed without her authorization, and that others were wrongfully profiting from her idea" and had a "strongly held belief that her rights had been violated."  As the motion judge concluded:

> "Even if she did not know the mechanism of injury -- i.e., exactly how her idea for the [']Perfect Brownie Pan['] got from Musgrove to Allstar -- she knew that she had been injured and knew of at least three potential defendants who had either violated their contract (Musgrove and, on

3

plaintiff's theory, Williams-Sonoma) or were being unjustly enriched by the misappropriation of her idea (Allstar)."[4] The plaintiff's knowledge of her injury was definite enough that between 2009 and 2012 she consulted four lawyers in an attempt to pursue her claims.[5]  The statutes of limitations on her claims thus began running in 2009 and expired long before 2021.[6]

Moreover, even apart from the plaintiff's knowledge of her injury in 2009, the issuance of a patent on a pan matching her invention in 2010 triggered the statutes of limitations on her claims.  See Stark v. Advanced Magnetics, Inc., 50 Mass. App. Ct. 226, 233 (2000) (issuance of patent was matter of public record, served as notice to world of its existence, and put plaintiff on notice of his injury).  The plaintiff argues on

---

[4] The plaintiff stated that she showed her invention only to her brother who manufactured the prototype, her attorney, and Musgrove.

[5] We further note that a reasonable person in the plaintiff's position would have known her injury when she saw the infomercial in 2009.  See Howe v. Palmer, 80 Mass. App. Ct. 736, 743 (2011).  We decline to apply the plaintiff's proposed standard of a "single mother with no business experience" in assessing knowledge, as the test for reasonableness is objective.  See Doe v. Creighton, 439 Mass. 281, 283 (2003) (to invoke discovery rule, plaintiff must prove "both an actual lack of causal knowledge and the objective reasonableness of that lack of knowledge" [emphasis added]).

[6] The applicable limitations periods are:  three years (trade secret misappropriation), G. L. c. 93, § 42E; three years (torts), G. L. c. 260, § 2A; four years (unfair and deceptive practices), G. L. c. 260, § 5A; and six years (breach of contract), G. L. c. 260, § 2.

appeal that whether the patented product was sufficiently similar to her invention so as to put her on notice of her claims is a question of fact that should not have been decided on a motion to dismiss.  Passing on the question of whether the plaintiff waived this issue by failing to raise it in her oppositions to the defendants' motions to dismiss,[7] the plaintiff admitted in her complaint that the patented product was "based solely" on her invention.[8]  The issuance of the patent thus put her on notice of her claims.

We also are unpersuaded by the plaintiff's argument that the defendants' alleged fraudulent concealment of their misappropriation of her invention tolled the statutes of limitations on her claims.  "Under G. L. c. 260, § 12, the

---

[7] The plaintiff did not raise this issue in her oppositions to the defendants' motions to dismiss and appears to have raised it for the first time in her motion for reconsideration.  A new legal theory raised for the first time in a motion for reconsideration is waived.  See AA&D Masonry, 93 Mass. App. Ct. at 698.  We note, however, that during oral argument on the motions to dismiss the plaintiff's counsel stated that "the infringing product . . . was not the exact same thing as the [']Perfect Brownie Pan[']."

[8] The plaintiff alleged that "Lifetime knew that the infringing product was based solely on [the plaintiff's] invention and that its subsidiary and/or affiliate had manufactured the infringing product."  In addition, in a letter attached to her complaint, the plaintiff's counsel asserted that Focus "developed, patented, and successfully commercialized [the plaintiff's] invention" and Lifetime "wrongfully obtained a patent on the invention -— which does not name [the plaintiff] as an inventor."

statute of limitations will be tolled if the wrongdoer either concealed the existence of a cause of action through some affirmative act done with intent to deceive or breached a fiduciary duty of full disclosure" (quotations and citation omitted).  Stark, 50 Mass. App. Ct. at 233.  The plaintiff did not allege that any of the defendants owed her a fiduciary duty. Furthermore, the plaintiff did not adequately plead any affirmative act of concealment by the defendants.  She alleged that Lifetime deceptively denied having acquired Focus,[9] but even if Lifetime's denial was false, she alleged that she knew it was false at the time.  Thus, as the motion judge determined, "there could be no fraudulent concealment because there was no detrimental reliance."[10]  See id. at 234 (in case of fraud, "the statute will not be tolled if the plaintiff also had the means to acquire the facts on which his cause of action is based").

---

[9] Lifetime's counsel stated that Lifetime did not acquire the "entity" Focus, but acquired intellectual property from Focus, including the patent at issue.

[10] As the alleged act of concealment took place in 2018, nothing excuses the eight-year gap between the issuance of the patent and 2018 in any case.

6

We conclude that the plaintiff's claims are time barred and affirm the dismissal of her complaint.

Judgment affirmed.

By the Court (Green, C.J.,
  Blake & Henry, JJ.[11]),

*Joseph F. Stanton*

Clerk

Entered:  December 26, 2023.

---

[11] The panelists are listed in order of seniority.